TAMARA W. ASHFORD
Acting Assistant Attorney General

BORIS KUKSO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-1857 (v)
202-307-0054 (f)
Boris.Kukso@tax.usdoj.gov

Of Counsel:
BENJAMIN B. WAGNER
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:14-cv-1107---GSA |
|---|---|
| Petitioner, | **FINDINGS AND RECOMMENDATIONS REGARDING I.R.S. SUMMONS ENFORCEMENT** |
| v. | |
| JEFFREY D. BOHN, | Taxpayer: JEFFREY D. BOHN |
| Respondent. | |

This matter came before Magistrate Judge Gary S. Austin on October 10, 2014, pursuant to the Order to Show Cause filed July 31, 2014.  The Order to Show Cause, with the Petition to Enforce IRS Summons filed July 15, 2014, and its supporting declaration and exhibit, were served upon the respondent, Jeffrey D. Bohn ("Respondent"), on August 5, 2014.  Docs. 5, 7. Boris Kukso, Trial Attorney for the Department of Justice Tax Division, telephonically appeared

1

on behalf of the United States ("Petitioner); investigating Revenue Officer Evan Moses was present in Court.  Doc. 8.  Respondent did not appear at the hearing.  Doc. 8.  Respondent also did not file any written opposition or non-opposition to the petition as provided for in the Order to Show Cause.  Doc. 4.

The Petition to Enforce IRS Summons initiating this proceeding seeks to enforce an administrative summons (Exhibit 1 to the Petition) issued on May 15, 2014.  Doc. 1-2.  The summons was issued as part of an investigation into the Respondent's ability to pay his delinquent Form 1040 taxes for the tax years ending December 31, 2001, December 31, 2003, and December 31, 2007.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345.  Furthermore, the Internal Revenue Code specifically authorizes the United States to bring an action in district court to enforce a summons commanding a person to appear, to testify, or to produce books, papers, or other data, under the internal revenue laws.  *See* 26 U.S.C. §§ 7402(b) and 7604(a).

In order to obtain enforcement of a summons, the United States must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the possession of the Internal Revenue Service ("I.R.S."); and (4) complies with all administrative steps required by the Internal Revenue Code.  United States v. Powell, 379 U.S. 48, 57-58 (1964).  The Government's burden under Powell "is 'a slight one' and typically is satisfied by the introduction of a sworn declaration of the revenue agent who issued the summons that the Powell requirements have been met."  Fortney v. United States, 59 F.3d 117, 120 (9th Cir. 1995) (citing United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993); United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993)).  Finally, 26

U.S.C. § 7602(d)(1) specifies that a summons may not be enforced "with respect to any person if a Justice Department referral is in effect with respect to such a person."

The Court has reviewed the Petition to Enforce IRS Summons, Revenue Officer Moses' declaration and the exhibit thereto. Revenue Officer Moses attests in his declaration that each of the applicable Powell factors is satisfied in this case and that no Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect with respect to the Respondent. Revenue Officer Moses also attested to these facts at the hearing on the Order to Show Cause.

Based on the entire record, the Court makes the following findings:

1. The summons issued by Revenue Officer Moses on May 15, 2014, and served upon respondent, Jeffrey D. Bohn, on that same date, seeking testimony and production of documents and records in Respondent's possession, was issued for a legitimate purpose, that is, to collect delinquent Form 1040 taxes for the tax years ending December 31, 2001, December 31, 2003, and December 31, 2007.
2. The information sought is relevant to that purpose.
3. The information sought is not already in the possession of the Internal Revenue Service.
4. The administrative steps required by the Internal Revenue Code have been followed.
5. This case has not been referred by the Internal Revenue Service to the Department of Justice for criminal prosecution.
6. The Petition to Enforce, the declaration of Revenue Officer Moses, and the accompanying exhibit made a prima facie showing that the requirements of United States v. Powell, 379 U.S. 48, 57-58 (1964) are satisfied.

7. The burden shifted to Respondent to rebut that prima facie showing.

8. Respondent presented no argument or evidence to rebut the prima facie showing.

The undersigned therefore RECOMMENDS that the I.R.S. Summons served on Respondent Jeffrey D. Bohn be enforced; and that the Respondent be ordered to appear before I.R.S. Revenue Officer Evan Moses, or his designee, at the offices of the Internal Revenue Service located at 2525 Capitol St., Suite 205, Fresno, CA, 93721, on the twenty-first (21st) day after the filing of the District Judge's order enforcing the IRS Summons, or at a later date to be set in writing by Revenue Office Moses (and served on Respondent), then and there to be sworn, to give testimony, and to produce for examining and copying the books, checks, records, papers and other data demanded by the summons, the examination to continue from day to day until completed.  The undersigned RECOMMENDS that if it enforces the summons, the District Court retain jurisdiction to enforce its order pursuant to its contempt power.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 304 of the Local Rules of this Court.  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document shall be entitled "Objections to Magistrate Judge's Findings and Recommendations."  Any response to objections shall be served and filed within seven (7) days after service of the objections.  The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's forthcoming order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

The Clerk of the Court is directed to serve this and all further orders by mail to Respondent Jeffrey D. Bohn at 957 N. Citadel Ave., Clovis, California, 93611.

IT IS SO ORDERED.

Dated:   **October 31, 2014**                              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE